JOHNSON, Defendant in Error, v. McHENRY, Plaintiff in Error.

1. It is not necessary that the petition in a suit (under the mechanic's lien act of 1845, R. C. 1845, p. 735, sec. 7) to enforce a mechanic's lien should contain a prayer for a special execution against the property alleged to be charged with the lien; if the account filed with the petition and referred to therein corresponds with that filed as a lien demand, it sufficiently appears that the object of the suit is the enforcement of the lien.

*Error to Greene Circuit Court.*

Andrew Johnson furnished materials for and performed work and labor on a house belonging to John McHenry. He filed his lien on the 16th of January, 1855. On the 1st of February he commenced the present suit against said McHenry, in the ordinary form, on an account for materials fur-

nished and work and labor done. The petition contained no prayer for a special execution against the building upon which the labor, &c., had been expended. The petition referred to a bill of items filed therewith. There was also filed with the petition the lien account that had been filed as a lien against said building. The items of this account or statement were the same as those set forth in that referred to in the petition.

The defendant appeared and answered. He withdrew his answer. Judgment by default was then rendered against him at the March term, 1856, and an inquiry of damages awarded. This judgment by default was afterwards set aside, and plaintiff was permitted to file an amended petition which contained a prayer for a special judgment against the property charged with the lien. The court refused to strike out this amended petition. At the September term, 1856, judgment by default was again rendered against defendant, and it was ordered that an execution should issue against the property charged with the lien.

*Hendrick*, for plaintiff in error.

I. The court erroneously and irregularly suffered the plaintiff to amend his petition. The special judgment also was irregular. Judgment was rendered on the amended petition, which was not filed in time to bind the real estate. Suit must be brought within twelve months. Suit was not brought on the lien in this case until the amended petition was filed.

*F. P. Wright*, for defendant in error.

I. The defendant having once appeared and answered, it was proper to permit plaintiff to amend his petition. The defendant appeared and moved to strike out the amended petition, and there was no necessity for another service on him. The amended petition was not in the nature of a new suit; it was only designed to make the first petition more definite.

Scott, Judge, delivered the opinion of the court.

The seventh section of the act concerning mechanics' liens provides that whenever any person shall wish to proceed against any property, upon which he shall have a lien, he may commence his suit in the ordinary form, and shall have judgment against the original debtor for the amount that shall be found due him. (R. C. 1845, p. 735.) The practice act of 1849, art. 7, sec. 4, directs that when the items of an account exceed twenty in number, a party may file with his pleading a copy of the account and relieve himself from the burden of setting forth in his pleadings the items composing it. As a person examining the record would see that the account filed with the pleadings and the one filed with the claim for a lien corresponded, he would be sufficiently informed that the suit was for the purpose of enforcing the lien. In the case before us, the petition refers expressly to the account filed along with it. We see no necessity for the amended petition, as the petition showed that its object was to enforce a lien. We do not consider that any special prayer for execution against the property on which the lien had attached was necessary. It may be that another than the debtor is the owner or possessor of the property, in which case a *scire facias* would be necessary before an execution could be issued against the property. After the judgment is rendered for the debt due, then the court determines the course to be afterwards pursued. It will award execution, or refuse it in the event a *scire facias* is necessary.

No point was made in the court below in relation to the item for a coffin. Whether it was a thing for the making of which the law conferred a lien was a question not raised on the trial, and it can not now be raised for the first time in this court.

The same observation may be made respecting the signboards. Judge Napton concurring, the judgment is affirmed.